IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **HECTOR DANIEL MACIAS,** | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:13-CV-1003-O |
| | § | |
| **RODNEY W. CHANDLER, Warden,** | § | |
| **FCI-FORT WORTH,** | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Hector Daniel Macias, a federal prisoner confined in the Federal Correctional Institution in Fort Worth (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent.  The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings, state court records, and relief sought by Petitioner, the Court concludes that the petition should be dismissed for lack of jurisdiction.

**I.   BACKGROUND**

In 2009, a jury found Petitioner guilty of conspiring to distribute and to possess with intent to distribute a controlled substance, marijuana, and possession of the controlled substance with intent to distribute, and he was sentenced to two 264-month terms of imprisonment to run concurrently. Jury Verdict, *United States v. Macias*, 4:08-CR-098-Y-3 (N.D. Tex. June 4, 2009), ECF No. 808; Minute Order, *United States v. Macias*, 4:08-CR-098-Y-3 (N.D. Tex. Dec. 9, 2009), ECF No. 1216. Petitioner appealed his convictions and filed a § 2255 motion seeking post-conviction relief, to no avail.  *See* Resp't App. at 1 & 49, ECF No. 7.

In this § 2241 petition, petitioner claims that the evidence was insufficient to support a

finding that he participated in the conspiracy to possess and distribute the contraband and that, because the government failed to prove drug quantity, he is actually innocent of the offenses and his 264-month sentences in light of the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, ___ U.S.___, 133 S. Ct. 2151 (2013). *See* Pet. 2-5, ECF No. 1.

## II. LEGAL STANDARD

28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet this burden, a petitioner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) the retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner has neither alleged nor demonstrated that he can meet this standard.

**III.   ANALYSIS**

Petitioner's claim that the evidence was insufficient to establish that he conspired to possess and distribute the contraband was both available to petitioner and raised in his appeal. *See* Resp't App. 11-15, ECF No. 7. Further, the Supreme Court has not declared *Apprendi* or *Alleyne* retroactive on collateral review. *See In re Kemper*, ___F.3d ___, 2013 WL 5969009, at *1 (5th Cir. Sept. 6, 2013); *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).

**IV.   CONCLUSION**

Because petitioner may not assert the claims raised *via* a § 2241 petition, the petition should be dismissed for lack of jurisdiction. For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this **25th day** of **March, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**